**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Richard Thomas,<br><br>                              Plaintiff,<br><br>               -v-<br><br>Nassau County Correctional Center, *et al.*,<br><br>                              Defendants. | 2:21-cv-01594<br>(NJC)(ST)<br><br>Consolidated Docket No.<br>2:21-cv-01297<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Richard Thomas ("Thomas") brings this action against Defendants Nassau

County Correctional Center ("NCCC"), Sheriff James E. Dzurenda ("Dzurenda") (together, the

"County Defendants"), Nassau County Correctional Officers, nurses working at Nassau Medical

University Hospital, Jane Doe, and doctors working at NCCC (collectively, "Defendants")

pursuant to 42 U.S.C. § 1983 ("Section 1983") over conditions of confinement in NCCC during

the COVID-19 pandemic. (Am. Compl., ECF No. 18.)[1] Before the Court is the County

Defendants' Motion to Dismiss the Amended Complaint for failure to prosecute under Rules 37

and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot., Cons. ECF No. 99.)

For the following reasons, the Court denies the Motion to Dismiss.

---

[1] Citations to "ECF," "Min. Entry," and "Elec. Order" refer to the electronic docket for this matter, while citations to "Cons. ECF," "Cons. Min Entry," and "Cons. Elec. Order" refer to the electronic docket in the lead case in the consolidated action, *Eckert v. Dzurenda*, No. 21-CV-01297 (E.D.N.Y.).

## PROCEDURAL HISTORY[2]

Thomas initiated this action on March 25, 2021, and filed the Amended Complaint on April 19, 2021. (Compl., ECF No. 1; Am. Compl.) On November 29, 2021, the County Defendants answered the Amended Complaint. (ECF No. 21.)

On March 21, 2022, Thomas filed a notice of change of address on the docket following his transfer to Elmira Correctional Facility. (Notice, Mar. 21, 2022.) On March 31, 2022, Magistrate Judge Steven Tiscione held a telephone conference at which Thomas did not appear due to logistical issues at his facility. (Min. Entry, Apr. 1, 2022.) The following day, Judge Joan Azrack, the district judge to whom this case was previously assigned, appointed Attorney Walter Thompson of Thompson Law, P.C. to serve as pro bono counsel for Thomas and eight other plaintiffs challenging conditions of confinement in NCCC during the COVID-19 pandemic. (Min. Entry, Apr. 1, 2022; ECF No. 29.) On April 14, 2022, Judge Tiscione held a telephone conference attended by counsel for the parties at which Attorney Thompson stated he needed time to get up to speed on the case and confer with opposing counsel on a schedule for remaining discovery. (Min. Entry, Apr. 28, 2022.) Judge Tiscione ordered the parties to file a joint status by May 16, 2022, which the parties failed to file. (*Id.*) On May 11, 2022, Thomas filed a notice of change of address following his transfer to the Franklin Correctional Facility. (ECF No. 33.)

On July 13, 2022, Judge Tiscione ordered a telephone conference for July 19, 2022, and required all counsel to attend. (Elec. Order, July 13, 2022.) Attorney Thompson failed to attend the conference. (ECF No. 34.) On that day, Judge Tiscione ordered Attorney Thompson to file a letter by July 22, 2022, explaining his failure to attend, and warned that failure to comply "may

---

[2] In light of the fact that the County Defendants' Motion is made solely on procedural grounds and does not otherwise attack the legal sufficiency of Thomas' Amended Complaint, the Court does not recite the background facts of this case.

result in appropriate sanctions." (*Id.*) Judge Tiscione also ordered the parties to confer and submit a joint proposed schedule for all remaining discovery by July 29, 2022. (*Id.*)

Attorney Thompson failed to file a letter by July 22, 2022, explaining his failure to attend the July 19, 2022 telephone conference. (Elec. Order, July 28, 2022.) On July 29, 2022, Judge Tiscione ordered Attorney Thompson to show cause by the following day why he should not be sanctioned for failing to appear at that hearing and for failing to comply with the July 19, 2022 Order. (*Id.*) On August 3, 2022, Attorney Thompson filed an untimely response. (ECF No. 35.)

On September 6, 2022, Thomas filed a motion to consolidate the action with nine actions filed by plaintiffs (together, "Plaintiffs") incarcerated at NCCC pursuant to Section 1983 to challenge conditions of confinement during the COVID-19 pandemic. (ECF No. 38.) On September 21, 2022, the Court granted the motion and consolidated the cases for discovery purposes.[3] (Elec. Order, Sept. 21, 2022.) The following day, Judge Tiscione stayed all discovery schedules. (Cons. ECF No. 48.) On November 28, 2022, Judge Tiscione entered the parties' proposed discovery schedule for the consolidated cases, ordering all discovery to be completed by August 6, 2023. (Cons. Elec. Order, Nov. 28, 2022.)

On May 22, 2023, the County Defendants produced discovery to Thomas and served him with a first demand for production of documents, a first set of interrogatories, and a notice of deposition. (Mot. Ex. 1 at 1, Cons. ECF No. 99-2.)

---

[3] The Court later consolidated two more cases. The full list of cases consolidated is: *Eckert v. Dzurenda et al.*, 2:21-cv-01297 (E.D.N.Y.); *Thomas v. Nassau County Corr. Ctr. et al.*, 2:21-cv-1594 (E.D.N.Y.); *Pastrana v. Nassau County Corr. Officers et al.*, 2:21-cv-1671 (E.D.N.Y.); *Martines v. Nassau County Corr. Officers et al.*, 2:21-cv-1735 (E.D.N.Y.); *Escobar v. Nassau County Corr. Ctr. et al.*, 2:21-cv-2145 (E.D.N.Y.); *Legette v. Sherrif's Office et al.*, 2:21-cv-2461 (E.D.N.Y.); *Stroman v. Doe 1 et al.*, 2:21-cv-5827 (E.D.N.Y.); *Holquin v. Dzurenda*, 2:22-cv-1534 (E.D.N.Y.); *Keyes v. Dzurenda et al.*, 2:22-cv-0378 (E.D.N.Y.); *Watts v. Dzurenda et al.*, 2:22-cv-02375 (E.D.N.Y.); *Chimbay v. Dzurenda et al.*, 2:21-cv-02147 (E.D.N.Y.); and *Morinville v. Dzurenda et al.*, 2:22-cv-0527 (E.D.N.Y.).

On June 1, 2023, Judge Tiscione granted Plaintiffs' joint motion to extend the discovery schedule, extending to July 14, 2023 the time for Plaintiffs in the consolidated actions to respond to Defendants' discovery demands. (Cons. Elec. Order, June 1, 2023; Cons. ECF No. 81.) On July 17, 2023, Judge Tiscione granted Plaintiffs' second joint motion to extend the discovery schedule, extending to August 2, 2023, the time for Plaintiffs to respond to Defendants' discovery demands. (Cons. ECF No. 82; Cons. Elec. Order, July 17, 2023.)

On August 7, 2023, Attorney Thompson served the County Defendants with supplemental discovery responses on behalf of Thomas. (Mot. Ex. 2 at 5–6, Cons. ECF No. 99-3.) On August 8, 2023, counsel for the County Defendants identified several deficiencies in Thomas' supplemental discovery responses. (*Id.* at 4–5.) According to the County Defendants, the supplemental responses did not include the required Rule 26(a) initial disclosures and included authorizations that were missing Thomas' Social Security number, medical record authorizations with Thomas' last name spelled incorrectly and with incorrect dates, and a Power of Attorney form that did not indicate the month on which Thomas executed the form. (*Id.*)

On October 20, 2023, in response to Judge Tiscione's October 11, 2023 order, the parties submitted a joint status report. (Cons. Elec. Order, Oct. 11, 2023; Cons. ECF No. 85.) With respect to Thomas' action and nine others, the parties further reported that the County Defendants had outlined numerous deficiencies in Plaintiffs' discovery responses, including authorizations missing the respective plaintiff's Social Security number or naming the wrong facility; incorrectly completed Power of Attorney forms; unverified interrogatory responses; missing authorizations for the requested medical provider; and missing Rule 26(a) initial disclosures. (Cons. ECF No. 85 at 1–2.) The parties requested fourteen (14) days for Plaintiffs to supplement their responses and sixty (60) days for the County Defendants to depose Plaintiffs.

(*Id.* at 2.) The parties subsequently amended their application and filed a motion requesting fourteen (14) days for Plaintiffs to supplement their responses to the County Defendants' discovery demands and ninety (90) days for the County Defendants to depose Plaintiffs. (Cons. ECF No. 86.) On October 30, 2023, Judge Tiscione granted the request, ordered a joint status report by November 15, 2023, confirming that Attorney Thompson provided complete supplemental responses to the County Defendants' discovery requests, and scheduled a telephone conference for February 12, 2024. (Cons. Elec. Order, Oct. 30, 2023.)

On November 15, 2023, the parties filed a joint status report, advising that the County Defendants had not received Plaintiffs' supplemental responses to the written discovery demands. (Cons. ECF No. 87.) The County Defendants reserved the right to "make a further application" regarding discovery issues. (*Id.* at 2.) That same day, Plaintiffs requested a ten (10) day extension to serve their supplemental discovery responses. (Cons. ECF No. 88.) The following day, Judge Tiscione granted a two-week extension of time and ordered a further status report by November 24, 2023. (Cons. Elec. Order, Nov. 16, 2023.)

On November 20, 2023, Attorney Thompson's office served the County Defendants with revised supplemental discovery responses on behalf of Thomas. (Mot. Ex. 2 at 2–3.) On November 21, 2023, the County Defendants identified several recurring deficiencies in Thomas' renewed supplemental discovery responses. (*Id.* at 1–2.) These included authorizations that were still missing Thomas' Social Security number, authorizations that still misspelled his last name and still had incorrect dates, a Power of Attorney form that was not notarized, and fewer authorizations than Thomas' previous set of responses. (*Id.*)

On November 22, 2023, the parties filed a joint status report enumerating the deficiencies in Plaintiffs' supplemental discovery responses, including the aforementioned problems with

Thomas' revised supplemental responses to the County Defendants' discovery demands. (Cons. ECF No. 89.) The County Defendants indicated that they were not prepared to proceed with Plaintiffs' depositions before receiving sufficient supplemental responses and indicated that they did not know when they would receive those responses. (*Id.* at 4.)

On November 27, 2023, Attorney Thompson's office served the County Defendants with new authorizations and a Power of Attorney form on behalf of Thomas. (Mot. Ex. 2 at 1.) Also on November 27, 2023, Judge Tiscione ordered that "all parties must participate" in a telephone conference on December 1, 2023. (Cons. Elec. Order, Nov. 27, 2023.) Attorney Thompson failed to appear at that conference. (Cons. ECF No. 90.)

On December 7, 2023, Judge Tiscione held a telephone conference, which Attorney Thompson attended. (Cons. ECF No. 91.) Judge Tiscione ordered Plaintiffs to produce their outstanding discovery responses by January 8, 2024, and ordered the parties to file a joint status report by January 15, 2024. (*Id.*)[4]

On January 8, 2024, Attorney Thompson served the County Defendants with an affirmation of due diligence attesting that despite "good faith efforts," including "internet searches and contacting family members on record," he has been unable to locate Thomas in order to comply with the County Defendants' discovery requests. (Mot. Ex. 3 ¶¶ 2–3, Cons. ECF No. 99-4.) Attorney Thompson requested a ninety (90) day extension to the deadline to respond to discovery in order to locate Thomas. (*Id.* ¶ 4.)

On January 12, 2024, the parties filed a joint status report, which enumerated the deficiencies in Plaintiffs' supplemental discovery responses in this action and four others. (Cons.

---

[4] Note that although the Minute Entry for the December 7, 2023 conference identifies "January 15, 2023" as the due date for the joint status report, the reference to "2023" rather than "2024" appears to be a typographical error.

ECF No. 92.) The County Defendants advised that they intended to seek dismissal under Rule

41(b) in this action and three others. (*Id*. at 1–3.)

Also on January 12, 2024, the County Defendants filed three letters requesting

permission to move to dismiss this action and two others that had been consolidated for

discovery. (Cons. ECF Nos. 93–95.) On January 16, 2024, Judge Tiscione denied those requests

and directed the County Defendants to refer to this Court's rules regarding dispositive motions.

(Cons. Elec. Order, Jan. 16, 2024.) On February 14, 2024, the County Defendants filed their

fully briefed Motion to Dismiss this action pursuant to Rules 37 and 41(b). (Mot.; Mem., Cons.

ECF No. 99-6; Opp'n Br., Cons. ECF No. 100-2; Reply Br., Cons. ECF No. 101-2.)

On April 29, 2024, the Court ordered Plaintiff to show cause by May 13, 2024 why this

action should not be dismissed with prejudice due to Attorney Thompson's inability to locate

Thomas, Thomas' failure to submit an affidavit or declaration indicating his desire to pursue the

action, and the repeated delays and continuous failure of Thomas and Attorney Thompson to

provide sufficient responses to the County Defendants' discovery demands. (Cons. Order to

Show Cause, Apr. 29, 2024.) The Court warned that failure to show cause in response to the

order would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).

(Cons. Elec. Order, Apr. 29, 2024.) In response, Attorney Thompson filed an affidavit stating

that Thomas contacted counsel's office on February 20, 2024, after the Motion was filed, and

requesting a thirty-day extension of time to complete the County Defendants' discovery demands

and schedule all necessary depositions. (ECF No. 117 at ¶¶ 7–8.)

The County Defendants ask this Court to dismiss Thomas' Amended Complaint with

prejudice for failure to prosecute pursuant to Rules 37 and 41(b), Fed. R. Civ. P. (*See generally*

Mem.) According to the County Defendants, dismissal in this action is proper under the five

factors analyzed under Rule 41(b) because: (1) Thomas has failed to sufficiently respond to their discovery demands, which were initially served more than seven months ago, even after being granted numerous extensions of time to cure identified deficiencies; (2) the instant Motion to Dismiss put Thomas on notice of the possibility of dismissal for failure to prosecute; and (3) Thomas's delays in providing sufficient discovery responses and counsel's inability to locate him has prejudiced the County Defendants by preventing them from retrieving relevant records and fully investigating Thomas's claim and preparing a defense, thereby increasing their litigation costs, and preventing the case from moving forward. (Mem. at 7–10.)

On behalf of Thomas, Attorney Thompson opposes the Motion to Dismiss, making three main arguments. (*See generally* Opp'n Br.) First, Attorney Thompson argues that Thomas' incomplete compliance with the County Defendants' discovery requests is not sufficiently "extreme" to support the "drastic remedy of dismissal." (*Id.* at 2.)

Second, Attorney Thompson argues that the five factors of the Rule 41(b) analysis do not support dismissal because: (1) the length of delay here is insufficient, and the correspondence between Attorney Thompson and counsel for the County Defendants shows Thomas' interest in moving the case forward; (2) the filing of the County Defendants' Motion to Dismiss does not satisfy the Court's obligation to put Thomas on notice that the case may be dismissed for failure to prosecute if there are any "further delays"; (3) any prejudice to the County Defendants must stem from further delays in the proceeding, not past prejudice; (4) there is no indication that this case has strained the Court's docket in an extreme or unusual way; and (5) the Court has not imposed or considered any lesser sanction than the dismissal with prejudice. (*Id.* at 4–7.)

Third, Attorney Thompson urges the Court to "disregard" the County Defendants' reference to Rule 37, Fed. R. Civ. P., as a basis for dismissal with prejudice because the County Defendants failed to argue for dismissal under that rule. (*Id.* at 7–8.)

On reply, the County Defendants assert that the caselaw Attorney Thompson cites, particularly caselaw addressing the length of delay and notice in the Rule 41(b) analysis, is inapplicable because it concerns pro se litigants, whereas Thomas has been represented by Attorney Thompson for two years (since April 2022). (Reply Br. at 5, 6–8.) The County Defendants add that Thomas himself has not provided a sworn affidavit or declaration showing his interest in pursuing this litigation, and that Attorney Thompson has not reported when he last communicated with Thomas or last attempted to do so. (*Id.* at 1.) The County Defendants further argue that neither Thomas nor his attorney have provided any reasonable excuse for the repeated delays and continuing failure to produce sufficient responses to discovery, including the Power of Attorney form needed for the County Defendants to retrieve relevant medical records. (*Id.* at 6.) The County Defendants argue that "there is no less drastic sanction other than dismissal" because Attorney Thompson has failed to advise when he will submit sufficient discovery responses or that he is still in communication with Thomas. (*Id.* at 9–10.) Finally, the County Defendants argue that Thomas and Attorney Thompson's repeated failures to comply with court orders undermine the Court's ability to hear cases expeditiously and weigh in favor of dismissal. (*Id.* at 9.)

## JURISDICTION

The Court has federal question jurisdiction over Thomas' Section 1983 claim pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965 because the County Defendants reside in this judicial district and because a substantial part of the events or

omissions giving rise to Thomas' claims, which concern conditions in the NCCC, occurred in this judicial district.

The Court has personal jurisdiction over the County Defendants because they are New York residents, as alleged in the Amended Complaint. (*See* Am. Compl. at 2–3.) This Court has personal jurisdiction over New York residents. *See* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1064 (4th Ed. 2020) (describing the defendant's residence in the forum state as one of the oldest bases of personal jurisdiction); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (a court may assert personal jurisdiction over foreign defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (quotation marks omitted). Additionally, the County Defendants were properly served by the United States Marshals. (ECF No. 20.)

## DISCUSSION

When considering a motion to dismiss for failure to prosecute under Rule 41, Fed. R. Civ. P., a court must weigh five relevant factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463-CV, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). "Generally, no factor by itself is dispositive." *Id.* (citing *Baptiste*, 768 F.3d at 216.) A court's "authority to invoke dismissal for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quotation marks omitted).

"[D]ismissal is a 'harsh remedy to be utilized only in extreme situations . . . .'" *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, No. 21-CV-1788 (RPK), 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, an analysis of the five Rule 41(b) factors as a whole counsels against dismissal with prejudice, even though the first two factors weigh in favor of dismissal. First, Attorney Thompson and Thomas' failure to comply with Judge Tiscione's orders has caused unreasonable delay. Despite five extensions of the original August 6, 2023 discovery deadline, Attorney Thompson has failed to provide complete responses to the County Defendants' written discovery requests to Thomas in this action, which were served almost one year ago on May 22, 2023. *See Sessoms*, 2022 WL 511646, at *1 (finding delay favors dismissal where plaintiff has "stalled this case for nearly eight months" and noting that "courts have consistently found that delays in the range of five to six months counsel in favor of" dismissal) (collecting cases). Attorney Thompson has been Thomas' counsel of record since April 2022—before the County Defendants served their written discovery demands.[5] Attorney Thompson has repeatedly served the County Defendants with incomplete, incorrectly filled-out, and inconsistent responses and authorizations, which has effectively stalled the case, preventing any progress through discovery. *See Cohen v. Ridgewood Sav. Bank*, No. 19CV5500RPKRML, 2021 WL 2550388, at *2 (E.D.N.Y. June 22, 2021) (finding unreasonable delay where plaintiffs failed to respond to defendants' motion to dismiss, ignored two court-ordered deadlines, and stalled the case for

---

[5] The Court agrees with the County Defendants that Attorney Thompson's citations to cases involving pro se litigants are unpersuasive because he has been Thomas' counsel of record since April 2022. (*See* Reply Br. at 5 n.2.) Additionally, this Court has dismissed actions similar to this one by pro se litigants for failure to prosecute when consideration of the Rule 41 factors weighs in favor of dismissal. *See e.g.*, *Sessoms*, 2022 WL 511646; *McCorkle v. Sarter*, No. 04-CV-4500(JFB), 2006 WL 2334041 (E.D.N.Y. Aug. 9, 2006); *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022).

approximately six months); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at

*2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal"

when it "functioned as a complete block to moving th[e] litigation forward"). Accordingly, the

unreasonable delay caused by Attorney Thompson and Thomas's repeated delays and continuous

failure to provide sufficient responses to discovery favors dismissal.

Second, Thomas received notice that his continued failure to comply with Judge

Tiscione's discovery deadlines may lead to dismissal of this action for failure to prosecute. *See*

*McCorkle v. Sarter*, No. 04-CV-4500(JFB), 2006 WL 2334041, at *2 (E.D.N.Y. Aug. 9, 2006)

("Courts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a sua

sponte dismissal by the court) provides the plaintiff with notice.") (brackets and quotation marks

omitted). The County Defendants gave notice that they intended to move under Rule 41(b) to

dismiss for failure to prosecute other actions in this consolidated action that experienced similar

discovery delays on November 22, 2023, (Cons. ECF No. 89), through the January 12, 2024 joint

status report, in which the County Defendants stated that they intended to move to dismiss this

action for failure to prosecute, and through the County Defendants' Motion to Dismiss on

February 16, 2024. (Cons. ECF Nos. 92, 102.) This Court also gave Thomas notice via the April

29, 2024 Order to Show Cause, which explicitly notified Thomas that his failure to comply with

the Order would result in dismissal with prejudice for failure to prosecute. (Cons. Elec. Order,

Apr. 29, 2024.) Accordingly, this factor cuts for dismissal.

Third, the County Defendants are likely to be prejudiced by further delay, which would

both prolong their inability to obtain the documents necessary to prepare a defense and would

raise their litigation costs. Moreover, "courts may presume such prejudice when, as here,

plaintiffs have caused an 'unreasonable delay.'" *Cohen*, 2021 WL 2550388, at *3 (quoting

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Thomas has yet to produce complete discovery response to the County Defendants' May 22, 2023 discovery demands, despite having been granted five extensions of time, which extended his response deadline from August 6, 2023 to January 8, 2024. (Cons. Elec. Order, June 1, 2023; Cons. Elec. Order, July 17, 2023; Cons. Elec. Order, Oct. 30, 2023; Cons. Elec. Order, Nov. 16, 2023; Cons. Elec. Order, Nov. 28, 2023; Cons. ECF No. 91.) But Attorney Thompson's affirmation that Thomas has contacted his office suggests that there may be no further delay to the prosecution of this case. As a result, this factor weighs against dismissal.

Fourth, balancing Thomas' "right to an opportunity to be heard" against the congestion of this Court's calendar also weighs against dismissal. *Drake*, 375 F.3d at 257. On one hand, "[t]he interest in alleviating docket congestion" weighs in favor of "closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders . . . . " *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see also Sessoms*, 2022 WL 511646, at *2 ("[T]he interest in alleviating docket congestion strongly favors closing a case that has stalled for nearly eight months due to plaintiff's failure to comply with court orders."). Here, Thomas' failure to serve complete discovery responses has stalled this case for the last nine months. On the other hand, Attorney Thompson's affirmation that Thomas has contacted his office suggests that Thomas is interested in pursuing his right to an opportunity to be heard. Accordingly, this factor also weighs against dismissal.

Fifth, based on the procedural history of this action, and meaningful consideration of alternative sanctions, lesser sanctions than dismissal are adequate. *See Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001). As the County Defendants have reiterated, the main issue in this case has been delay as a result of Attorney Thompson's inability to locate Thomas. In light of

Attorney Thompsons' affirmation that Thomas has contacted his office, dismissal with prejudice is inappropriate. As a result, this factor also weighs against dismissal.

Because analysis of some of the Rule 41(b) factors counsels against dismissal with prejudice, the Court concludes that dismissal for failure to prosecute is improper. Instead, the Court will permit Thomas a thirty-day extension from the date of this order to serve complete discovery responses on the County Defendants. Failure to serve complete discovery responses will result in dismissal with prejudice for failure to prosecute. If Thomas fails to serve complete discovery responses within thirty days of this order, the County Defendants may renew their Motion to Dismiss. The Court declines to consider the imposition of sanctions of any kind against Thomas under Rule 37 because the County Defendants failed to make any legal arguments as to why sanctions are appropriate under that rule.

## CONCLUSION

For the reasons set forth above, the Court denies the County Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice. (Cons. ECF No. 99.) The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 16, 2024

                                        /s Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge

14