UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Chimbay,<br><br>                              Plaintiff,<br><br>          -v-<br><br>Sherrif James E. Dzurenda, *et al.*,<br><br>                            Defendants. | 2:21-cv-2147<br>(NJC) (ST)<br><br>Consolidated Docket No.<br>2:21-cv-01297<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

      Plaintiff Luis Chimbay ("Chimbay") brings this action against Defendants Nassau County Correctional Center ("NCCC"), Sheriff James E. Dzurenda ("Dzurenda") (together, the "County Defendants"), Nassau County Correctional Officers, nurses working at Nassau Medical University Hospital, and the Nassau County Correctional Jail (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") over conditions of confinement in NCCC during the COVID-19 pandemic. (Compl., ECF No. 1.)[1] Before the Court is the County Defendants' Motion to Dismiss the Amended Complaint for failure to prosecute under Rules 37 and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot., Cons. ECF No. 102.) For the following reasons, the Court denies the Motion to Dismiss without prejudice.

---

[1] Citations to "ECF," "Min. Entry," and "Elec. Order" refer to the electronic docket for this matter, while citations to "Cons. ECF," "Cons. Min Entry," and "Cons. Elec. Order" refer to the electronic docket in the lead case in the consolidated action, *Eckert v. Dzurenda*, No. 21-CV-01297 (E.D.N.Y.).

## PROCEDURAL HISTORY[2]

Chimbay initiated this action on April 19, 2021. (Compl., ECF No. 1.) On May 3, 2021, Chimbay filed a motion for leave to proceed in forma pauperis, which this Court granted on May 28, 2021. (ECF Nos. 6, 7.) On July 19, 2021, the County Defendants answered the Complaint. (ECF No. 11.)

On August 27, 2021, Magistrate Judge Steven Tiscione held an initial conference at which Chimbay, proceeding pro se, was unable to participate without a Spanish language interpreter. (Min. Entry, Aug. 30, 2021.) On October 7, 2021, Judge Tiscione held a continued initial conference by telephone in which Chimbay participated with the assistance of an interpreter. (Min. Entry, Oct. 8, 2021.) Defendants reported that they were in the process of compiling and producing discovery to Chimbay, and Chimbay reported that he was in the process of retaining an attorney. (*Id.*) Judge Tiscione ordered the parties to appear at a telephone conference on December 8, 2021. (*Id.*)

On December 3, 2021, the County Defendants filed a letter with the Court stating that Chimbay would be unavailable to appear at the December 8, 2021 conference because he was in isolation until December 12, 2021. (ECF No. 19.) The Court adjourned the conference until December 14, 2021. (Elec. Order, Dec. 3, 2021.) On December 13, 2021, the County Defendants filed a letter with the Court stating that Chimbay would be unavailable to appear at the December 14, 2021 conference because his isolation had been extended until December 19, 2021. (ECF No. 20.) The Court adjourned the conference *sine die* and ordered the County Defendants to request a conference on a date Chimbay could attend. (Elec. Order, Dec. 13, 2021.)

---

[2] In light of the fact that the County Defendants' Motion to Dismiss is made solely on procedural grounds and does not otherwise attack the legal sufficiency of Chimbay's Complaint, the Court does not recite the background facts of this case.

On January 11, 2022, Magistrate Judge Steven Tiscione held a telephone conference at which Chimbay did not appear because, according to the correctional officer on the call, Chimbay refused to participate. (Min. Entry, Jan. 14, 2022.) Judge Tiscione ordered a further conference on February 14, 2022 and "expressly warned" Chimbay "that continued refusal to participate in this litigation may result in sanctions, up to and including a possible recommendation that this matter be dismissed for failure to prosecute." (*Id.*)

On February 14, 2022, the parties appeared before Judge Tiscione. (Min. Entry, Feb. 15, 2022.) The County Defendants reported that they had turned over all paper documents from Chimbay's prison file and that Chimbay had not yet responded to the County Defendants' discovery requests. (*Id.*) Chimbay stated that he had recently retained Attorney Walter Thompson to represent him and the Court ordered Attorney Thompson to file a notice of appearance as soon as possible. (*Id.*)

On March 31, 2022, the parties appeared before Judge Tiscione, who ordered the County Defendants to file a status report by May 2, 2022, advising the Court whether the parties can move forward with discovery in light of an ongoing investigation in a related case against some of the same defendants, *Chimbay Gonzalez v. Dzurenda*, No. 2:21-cv-04482 (E.D.N.Y.). (Min. Entry, Apr. 1, 2022.)

On April 11, 2022, Judge Tiscione approved the parties' proposed scheduling order, ordering completion of initial disclosures by May 2, 2022, service of first requests for production of documents and interrogatories by May 17, 2022, and service of responses to such requests by June 27, 2022. (Scheduling Order, Apr. 11, 2022.) At an August 1, 2022 conference, the parties requested an additional thirty days for the completion of discovery, which the Court granted. (Min. Entry, Aug. 2, 2022.)

On November 22, 2022, the District Court ordered the parties to show cause in writing by December 6, 2022, why this action should not be consolidated with *Eckert v. Dzurenda*, No. 21-cv-01297 (E.D.N.Y) for purposes of discovery and any subsequent motion practice. (Order to Show Cause, Nov. 22, 2022.) Following the parties' submission, the Court consolidated this action into *Eckert*.[3] (ECF No. 33; Elec. Order, Jan. 21, 2023.) The deadline for the completion of all discovery in the consolidated cases was August 6, 2023. (Cons. Elec. Order, Nov. 28, 2022.)

On April 24, 2023, the County Defendants served Attorney Thompson with a notice to take Chimbay's deposition as well as a second demand for production of documents and second set of interrogatories. (Mot. Ex. 1, Cons. ECF No. 102-2.) On June 1, 2023, Judge Tiscione granted Plaintiffs' joint motion to extend the discovery schedule, extending to July 14, 2023, the time for Plaintiffs in the consolidated actions to respond to Defendants' discovery demands. (Cons. ECF No. 81; Cons. Elec. Order, June 1, 2023.) On July 17, 2023, Judge Tiscione granted Plaintiffs' second motion to extend the discovery schedule, extending to August 2, 2023, the time for Plaintiffs in the consolidated actions to respond to Defendants' discovery demands. (Cons. ECF No. 82; Cons. Elec. Order, July 17, 2023.)

On August 7, 2023, Attorney Thompson's office served the County Defendants with a discovery production as well as answers to their second set of interrogatories, responses to their

---

[3] The full list of cases consolidated is: *Eckert v. Dzurenda*, 2:21-cv-01297 (E.D.N.Y.); *Thomas v. Nassau Cnty. Corr. Ctr.*, 2:21-cv-1594 (E.D.N.Y.); *Pastrana v. Nassau Cnty. Corr. Officers*, 2:21-cv-1671 (E.D.N.Y.); *Martinez v. Nassau Cnty. Corr. Officers*, 2:21-cv-1735 (E.D.N.Y.); *Escobar v. Nassau Cnty. Corr. Ctr.*, 2:21-cv-2145 (E.D.N.Y.); *Legette v. Nassau Cnty. Corr. Ctr.*, 2:21-cv-2461 (E.D.N.Y.); *Stroman v. Dzurenda*, 2:21-cv-5827 (E.D.N.Y.); *Holquin v. Dzurenda*, 2:22-cv-1534 (E.D.N.Y.); *Keyes v. Dzurenda*, 2:22-cv-0378 (E.D.N.Y.); *Raymond Watts, Jr. v. Dzurenda*, 2:22-cv-02375 (E.D.N.Y.); *Chimbay v. Dzurenda*, 2:21-cv-02147 (E.D.N.Y.); and *Morinville v. Dzurenda*, 2:22-CV-0527 (E.D.N.Y.).

second requests for production of documents, and dates for Chimbay's deposition. (Opp'n Br. Ex. 1 at 1–2, Cons. ECF No. 103-1.)

On August 8, 2023, counsel for the County Defendants identified several deficiencies in Chimbay's discovery responses. (Mot. Ex. 2 at 2, ECF No. 102-3.) According to the County Defendants, the supplemental responses did not include Chimbay's Social Security number or address on any of the authorizations, or a Power of Attorney form required to obtain Chimbay's records. (*Id.*) The County Defendants also stated that Chimbay's responses to the second set of interrogatories were insufficient because they were not verified or signed by Chimbay pursuant to Rule 33(b). (*Id.*) Finally, the County Defendants asked Attorney Thompson to confirm that Chimbay is no longer residing in the United States. (*Id.*)

On October 20, 2023, in response to Judge Tiscione's October 11, 2023 order, the parties submitted a joint status report. (Cons. Elec. Order, Oct. 11, 2023; Cons. ECF No. 85.) With respect to this action and nine others, the parties further reported that the County Defendants had outlined numerous deficiencies in Plaintiffs' discovery responses, including authorizations missing the respective plaintiff's Social Security number or naming the wrong facility; incorrectly completed Power of Attorney forms; unverified interrogatory responses; missing authorizations for the requested medical provider; and missing Rule 26(a) initial disclosures. (*Id.* at 1–2.) The parties requested fourteen (14) days for Plaintiffs to supplement their responses and sixty (60) days for the County Defendants to depose Plaintiffs. (*Id.* at 2.) The parties subsequently amended their application and filed a motion requesting fourteen (14) days for Plaintiffs to supplement their responses to the County Defendants' discovery demands and ninety (90) days for the County Defendants to depose Plaintiffs. (ECF No. 86.) On October 30, 2023, Judge Tiscione granted the request, ordered a joint status report by November 15, 2023,

confirming that Attorney Thompson provided complete supplemental responses to the County Defendants' discovery requests, and scheduled a telephone conference for February 12, 2024. (Cons. Elec. Order, Oct. 30, 2023.)

On November 15, 2023, the parties filed a joint status report, advising that the County Defendants had not received Plaintiffs' supplemental responses to the written discovery demands. (Cons. ECF No. 87.) The County Defendants reserved the right to "make a further application" regarding discovery issues. (*Id.* at 2.) That same day, Plaintiffs requested a ten (10) day extension to serve their supplemental discovery responses. (Cons. ECF No. 88.) The following day, Judge Tiscione granted a two-week extension of time and ordered a further status report by November 24, 2023. (Cons. Elec. Order, Nov. 16, 2023.)

On November 20, 2023, Attorney Thompson served the County Defendants with an affirmation of due diligence attesting that despite "good faith efforts," including "internet searches and contacting family members on record," he has been unable to locate Chimbay to comply with the County Defendants' discovery requests. (Mot. Ex. 3, Cons. ECF No. 102-4.) Attorney Thompson requested a ninety-day extension to comply with the outstanding discovery demands. (*Id.*)

On November 22, 2023, the parties filed a joint status report enumerating the deficiencies in Plaintiffs' supplemental discovery responses, including the aforementioned problems with Chimbay's revised supplemental responses to the County Defendants' discovery demands. (Cons. ECF No. 89 at 2–3.) The County Defendants requested to make an application for dismissal of this action for failure to prosecute under Rule 41(b). (*Id.*)

On November 27, 2023, Judge Tiscione ordered that "all parties must participate" in a telephone conference on December 1, 2023. (Cons. Elec. Order, Nov. 27, 2023.) Attorney Thompson failed to appear at that conference. (Cons. ECF No. 90.)

On December 7, 2023, Judge Tiscione held a telephone conference, which Attorney Thompson attended. (Cons. ECF No. 91.) Judge Tiscione ordered Plaintiffs to produce their outstanding discovery responses by January 8, 2024, and ordered the parties to file a joint status report by January 15, 2024. (*Id.*)[4]

On January 12, 2024, the parties filed a joint status report, which enumerated the deficiencies in Plaintiffs' supplemental discovery responses in this action and four others. (Cons. ECF No. 92.) The County Defendants advised that they intended to seek dismissal under Rule 41(b) in this action and three others. (*Id.* at 1–3.)

Also on January 12, 2024, the County Defendants filed three letters requesting permission to move to dismiss this action and two others that had been consolidated for discovery. (Cons. ECF Nos. 93–95.) On January 16, 2024, Judge Tiscione denied those requests and directed the County Defendants to refer to this Court's rules regarding dispositive motions. (Cons. Elec. Order, Jan. 16, 2024.) On February 14, 2024, the County Defendants filed their fully briefed Motion to Dismiss this action pursuant to Rules 37 and 41(b). (Mot.; Mem., Cons. ECF No. 102-6; Opp'n Br., Cons. ECF No. 103-2; Reply Br., Cons. ECF No. 104-3.)

On April 29, 2024, the Court ordered Chimbay to show cause by May 13, 2024 why this action should not be dismissed with prejudice due to Attorney Thompson's inability to locate Chimbay, Chimbay's failure to submit an affidavit or declaration indicating his desire to pursue

---

[4] Note that although the December 7, 2023 Minute Entry identifies "January 15, 2023" as the due date for the joint status report, the reference to "2023" rather than "2024" appears to be a typographical error.

the action, and the repeated delays and continuous failure of Chimbay and Attorney Thompson to provide sufficient responses to the County Defendants' discovery demands. (Cons. Order to Show Cause, Apr. 29, 2024.) The Court warned that failure to show cause in response to the order would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). (Cons. Elec. Order, Apr. 29, 2024.) In response, Attorney Thompson submitted an affidavit stating that he has successfully established contact with Chimbay, who signed a form conveying his Power of Attorney to his mother, Flor Gonzalez, on February 9, 2024, and sat for a video deposition on March 5, 2024 in the related case, *Chimbay Gonzalez v. Dzurenda*, No. 2:21-cv-04482 (E.D.N.Y.). (ECF No. 116 ¶ 7.) Attorney Thompson requests thirty days to serve complete discovery responses and schedule all necessary depositions. (*Id.* ¶ 8.)

The County Defendants ask this Court to dismiss Chimbay's Complaint with prejudice for failure to prosecute pursuant to Rules 37 and 41(b), Fed. R. Civ. P. (*See generally* Mem.) According to the County Defendants, dismissal in this action is proper under the five factors analyzed under Rule 41(b) because: (1) Chimbay has failed to sufficiently respond to their discovery demands, which were initially served more than seven months ago, even after being granted numerous extensions of time to cure identified deficiencies; (2) Attorney Thompson has acknowledged that he has had no communication with Chimbay and has been unable to locate him for more than two months; (3) the instant Motion to Dismiss put Chimbay on notice of the possibility of dismissal for failure to prosecute; and (3) Chimbay's delays in providing sufficient discovery responses and counsel's inability to locate him has prejudiced the County Defendants by preventing them from retrieving relevant records and fully investigating Chimbay's claim and preparing a defense, thereby increasing their litigation costs, and preventing the case from moving forward. (Mem. at 7–10.)

8

On behalf of Chimbay, Attorney Thompson opposes the Motion to Dismiss, making three main arguments. (*See generally* Opp'n Br.) First, Attorney Thompson argues that Chimbay "prosecuted his case for nearly a year" and participated in discovery. (*Id.* at 1.) Attorney Thompson adds that although Chimbay was deported to Ecuador, he is available for video depositions and authorized his mother, a New York resident in touch with Attorney Thompson, to act on his behalf in this case. (*Id.*) Attorney Thompson states that he will produce Chimbay's Power of Attorney form with the Opposition, but fails to do so. (*See id.*)

Second, Attorney Thompson argues that the five factors of the Rule 41(b) analysis do not support dismissal because: (1) the length of delay here is insufficient, and the "intensive" correspondence between Attorney Thompson and counsel for the County Defendants shows Chimbay's interest in moving the case forward; (2) notice by filing of the County Defendants' Motion to Dismiss is insufficient to satisfy the Court's obligation to put Chimbay on notice that the case may be dismissed for failure to prosecute if there are any "further delays"; (3) any prejudice to the County Defendants must stem from further delays in the proceeding, not past prejudice; (4) there is no indication that this case has strained the Court's docket in an extreme or unusual way; and (5) the Court has not imposed or considered any lesser sanction than the County Defendants' requested dismissal with prejudice. (*Id.* at 4–7.)

Third, Attorney Thompson urges the Court to "disregard" the County Defendants' reference to Rule 37 as a basis for dismissal with prejudice because the County Defendants failed to argue for dismissal under that rule. (*Id.* at 7–8.)

On Reply, the County Defendants state that Chimbay's Opposition was the first time that the County Defendants received confirmation that Chimbay had been deported, that his mother lives in New York, and that he had executed a Power of Attorney form permitting her to act on

9

his behalf. (Reply Br. at 4.) The County Defendants also note that Chimbay's mother had not signed an affidavit or declaration regarding her Power of Attorney form, stating whether she will be representing his interests in this action, or whether Chimbay seeks to prosecute this action. (*Id*.) The County Defendants further assert that the caselaw Attorney Thompson cites, particularly regarding the length of delay and notice factors of the Rule 41(b) analysis, is inapplicable because it concerns pro se litigants, whereas Chimbay has been represented by Attorney Thompson for two years (since May 2022). (Reply Br. at 5, 6–8.) The County Defendants add that Chimbay has not provided a sworn affidavit or declaration showing his interest in pursuing this litigation, and that Attorney Thompson has not reported when he last communicated with Chimbay or last attempted to do so. (*Id.* at 5.) The County Defendants further argue that neither Chimbay nor his attorney have provided any reasonable excuse for the repeated delays and continuing failure to produce sufficient responses to discovery, including the Power of Attorney form needed for the County Defendants to retrieve relevant medical records. (*Id.* at 6, 8–9.) According to the County Defendants, "there is no less drastic sanction other than dismissal" because Attorney Thompson has failed to advise when he will submit sufficient discovery responses and to confirm that he is still in communication with Chimbay. (*Id.* at 10.) Finally, the County Defendants argue that Chimbay and Attorney Thompson's repeated failures to comply with court orders undermine the Court's ability to hear cases expeditiously and weigh in favor of dismissal. (*Id.* at 9–10.)

## JURISDICTION

The Court has federal question jurisdiction over Chimbay's Section 1983 claim pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965 because the County Defendants reside in this judicial district and because a substantial part of the events

or omissions giving rise to Chimbay's claims, which concern conditions in the NCCC, occurred in this judicial district.

The Court has personal jurisdiction over the County Defendants because they are New York residents, as alleged in the Complaint. (*See* Compl. at 2–3.) This Court has personal jurisdiction over New York residents. *See* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1064 (4th Ed. 2020) (describing the defendant's residence in the forum state as one of the oldest bases of personal jurisdiction); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (a court may assert personal jurisdiction over foreign defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (quotation marks omitted). Additionally, the County Defendants were properly served by the United States Marshals. (ECF No. 12.)

## DISCUSSION

When considering a Rule 41 motion to dismiss for failure to prosecute, a court must weigh five relevant factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463-CV, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). "Generally, no factor by itself is dispositive." *Id.* (citing *Baptiste*, 768 F.3d at 216.) A court's "authority to invoke dismissal for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quotation marks omitted).

11

"[D]ismissal is a 'harsh remedy to be utilized only in extreme situations . . . .'" *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, No. 21-CV-1788 (RPK), 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, an analysis of the five Rule 41(b) factors as a whole counsels against dismissal with prejudice, even though the first two factors weigh in favor of dismissal. First, Attorney Thompson and Chimbay's failure to comply with Judge Tiscione's orders has caused unreasonable delay. Despite five extensions of the original August 6, 2023 discovery deadline, Attorney Thompson has failed to provide complete responses to the County Defendants' second written discovery requests in this action, which were served more than one year ago on April 23, 2023. *See Sessoms*, 2022 WL 511646, at *1 (finding that delay favors dismissal where plaintiff has "stalled this case for nearly eight months" and noting that "courts have consistently found that delays in the range of five to six months counsel in favor of" dismissal) (collecting cases). Attorney Thompson has been Chimbay's counsel of record since May 2022—long before the County Defendants served their written discovery demands.[5] Attorney Thompson has served the County Defendants with incomplete, incorrectly filled-out, and inconsistent responses and authorizations, which has effectively stalled Chimbay's case, preventing any progress through discovery. *See Cohen v. Ridgewood Sav. Bank*, No. 19CV5500RPKRML, 2021 WL 2550388, at *2 (E.D.N.Y. June 22, 2021) (finding unreasonable delay where plaintiffs failed to respond to defendants' motion to dismiss, ignored two court-ordered deadlines, and stalled the case for

---

[5] The Court agrees with the County Defendants that Attorney Thompson's citations to cases involving pro se litigants are unpersuasive because he has been Chimbay's counsel of record since May 2022. (*See* Reply Br. at 4 n.1.) Additionally, this Court has dismissed actions similar to this one by pro se litigants for failure to prosecute when consideration of the Rule 41 factors weighs in favor of dismissal. *See e.g.*, *Sessoms*, 2022 WL 511646, at *2; *McCorkle v. Sarter*, No. 04-CV-4500(JFB), 2006 WL 2334041 (E.D.N.Y. Aug. 9, 2006); *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *1–2 (E.D.N.Y. June 8, 2022).

12

approximately six months); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"). Accordingly, the unreasonable delay caused by Attorney Thompson and Chimbay's repeated delays and continuous failure to provide sufficient responses to discovery favors dismissal.

     Second, Chimbay received notice that his continued failure to comply with Judge Tiscione's discovery deadlines may lead to dismissal of this action for failure to prosecute. *See McCorkle v. Sarter*, No. 04-CV-4500(JFB), 2006 WL 2334041, at *2 (E.D.N.Y. Aug. 9, 2006) ("Courts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a sua sponte dismissal by the court) provides the plaintiff with notice.") (brackets and quotation marks omitted). As early as January 2022, Judge Tiscione "expressly warned" Chimbay that his "continued refusal to participate in this litigation may result in sanctions, up to and including a possible recommendation that this matter be dismissed for failure to prosecute." (Min. Entry, Jan. 14, 2022.) The County Defendants gave notice that they intended to move to dismiss other actions in this consolidated action that had similar delays in their discovery schedule for failure to prosecute pursuant to Rule 41(b) on November 22, 2023 (Cons. ECF No. 89), through the January 12, 2024 joint status report, and through the filing of the Motion to Dismiss on February 16, 2024 (Cons. ECF Nos. 92, 102). This Court also gave notice through the April 29, 2024 Order to Show Cause, which explicitly notified Chimbay that his failure to comply with the Order would result in dismissal with prejudice for failure to prosecute. (Cons. Elec. Order, Apr. 29, 2024.) Accordingly, this factor weighs in favor of dismissal.

     Third, recent action by Chimbay and Attorney Thompson suggests that the County Defendants will not be prejudiced by further delays that would impede their ability to prepare a

13

defense and raise their litigation costs. "Courts may presume such prejudice when, as here, plaintiffs have caused an 'unreasonable delay.'" *Cohen*, 2021 WL 2550388, at *3 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). But Attorney Thompson's affirmation that he has had contact with Chimbay, that Chimbay has signed a Power of Attorney form over to his mother who lives in the United States, and that Chimbay has sat for a recent video deposition in another case suggests that there may be no further delay to the prosecution of this case. As a result, this factor weighs against dismissal.

Fourth, balancing Chimbay's "right to an opportunity to be heard" against the congestion of this Court's calendar also weighs against dismissal. *Drake*, 375 F.3d at 257. On one hand, the "interest in alleviating docket congestion" weighs in favor of "closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders . . . ." *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see also Sessoms*, 2022 WL 511646, at *2 ("[T]he interest in alleviating docket congestion strongly favors closing a case that has stalled for nearly eight months due to plaintiff's failure to comply with court orders."). Here, Chimbay's failure to serve complete discovery responses has stalled this case for the last nine months. On the other hand, Attorney Thompson's affirmation that Chimbay has contacted his office and sat for a video deposition in another case against at least one of the same defendants suggests that Chimbay is interested in pursuing his right to an opportunity to be heard. Accordingly, this factor also weighs against dismissal.

Fifth, based on the procedural history of this action, and meaningful consideration of alternative sanctions, lesser sanctions than dismissal are adequate. *See Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001). As the County Defendants have reiterated, the main issue in this case has been delay as a result of Attorney Thompson's inability to locate Chimbay. In light of

14

Attorney Thompson's affirmation that Chimbay has contacted his office, signed a Power of Attorney form over to his mother, and sat for a video deposition in another case, dismissal with prejudice is inappropriate. As a result, this factor cuts against dismissal.

Because analysis of some of the Rule 41(b) factors counsels against dismissal with prejudice, the Court concludes that dismissal for failure to prosecute is improper. Instead, the Court will grant Chimbay a thirty-day extension of time from the date of this order to serve complete discovery responses on the County Defendants. Failure to serve complete discovery responses will result in dismissal with prejudice for failure to prosecute. If Chimbay fails to serve complete discovery responses within thirty (30) days of this order, the County Defendants may renew their Motion to Dismiss. The Court declines to consider the imposition of sanctions of any kind against Chimbay under Rule 37 because the County Defendants failed to make any legal arguments as to why sanctions are appropriate under that rule.

## CONCLUSION

For the reasons set forth above, the Court denies the County Defendants' Motion to Dismiss Plaintiff's Complaint with prejudice. (Cons. ECF No. 102.) The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 16, 2024

                                         /s Nusrat J. Choudhury
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge